OF THE STATE OF ARKANSAS. **447**

TERM, 1857.]                    Worsham and wife et al. vs. Field.

WORSHAM AND WIFE ET AL. VS. FIELD.

The cases of *Lemon's Heirs vs. Rector et al*, 15 *Ark.* 436; *Peay et al. vs. Anthony, ante;* and *Slocomb, Richards & Co. vs. Blackburn et al., ante,* that the administrator, and not the heir, is the proper person to sue for a debt due the deceased, approved.

*Appeal from the Circuit Court of Pulaski county in Chancery.*

The Hon. WILLIAM H. FEILD, Circuit Judge.

TRAPNALL for the appellants.

FOWLER for the appellees.

Mr. Justice SCOTT delivered the opinion of the Court.

The bill was filed in October, 1849. The complainants allege that the wife and the minors are the children and heirs at law of Mary Graham, deceased, the sole devisee of Andrew Graham, deceased, the former husband of Mary, who was his executrix. That Mary died in Kentucky, where the complainants all reside, in the year 1848. That Mary, after the death of her husband, and while a feme sole and having an absolute title to certain real estate in Pulaski county, Arkansas, sold and conveyed it to Cotter, in September, 1836, for the sum of $4,200, payable in four equal annual instalments, for which Cotter executed his four several bonds, payable the first of August, 1837, 1838, 1839 and 1840, to her as executrix of the said Andrew, deceased, which they exhibit. That Cotter, at the same time, for the purpose of securing the payment of his said four bonds, conveyed the said lands and others to Wm. E. Woodruff and Charles Rapley, *in trust.* That afterwards, in August, 1837,

Cotter conveyed the lands sold to him by Mary to Field, in consideration whereof, Field covenanted with Cotter to pay off the four bonds of Cotter to Mary, as executrix, and to save Cotter harmless from them. That in February, 1845, the trustees regularly sold the property conveyed to them by Cotter for the aggregate sum of $2,224 68. That about the time of that sale, but before it, Field proposed to Mary to pay the whole of said debts in certain property, which was declined. That previous to said sale, Field had paid $1,095 to the credit of the bonds, but that Cotter had never paid anything, and had removed to parts unknown; and that, after deducting all proper credits, there still remained due upon the said bonds upwards of $4,000. That there has never been any administration upon the estates of either the said Andrew, or of the said Mary, and that neither of them owe any debts. Prayer, that Field may be decreed to pay the complainants the residue still unpaid on the four bonds of Cotter, and for general relief.

Field demurred to the bill for want of equity upon its face, and besides, assigned the special ground that the complainants had shown no interest in, or title to, the subject matter of the suit, and no right to call him to account.

The Court below sustained the demurrer, and dismissing the complainants' bill, they appealed to this court.

The decree of the Court below is fully sustained by the decision of this Court in the case of *Lemon's heirs vs. Rector, et al.*, 15 *Ark. R.* 436, the doctrine of which has been since applied in the cases of *Peay et al. vs. Anthony*, 18 *Ark. R. ante.*, and in that of *Slocomb, Richards & Co. vs. Blackburn et al.*, decided at the present term.

The decree will be affirmed.

Absent, Hon. THOS. B. HANLY.